# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

EMANUEL BECERRA, MARIJKE MYLAND, KRISTA IVY, TINA MCBRIDE, LESLIE CUSSE, and DAVID HARRIS, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

- v -

TARGET CORPORATION,

Defendant.

No. 25-Civ-535

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

## INTRODUCTION

Plaintiffs Emanuel Becerra, Marijke Myland, Krista Ivy, Tina Mcbride, Leslie Cusse, and Davis Harris (hereafter, "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint (the "Complaint") against Defendant Target Corporation ("Defendant"), seeking all available relief under 1) the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and 2) the wage and hour and related laws of the States of Minnesota, New Jersey, California, Illinois, New York, and Pennsylvania. The following allegations are based on Plaintiffs' personal knowledge and belief and upon information made known to Plaintiffs.

## NATURE OF THE ACTION

1. Plaintiffs Emanuel Becerra, Marijke Myland, Krista Ivy, Tina Mcbride, Leslie Cusse, and Davis Harris allege on behalf of themselves and other current and former Executive Team Leaders, and similarly situated current and former employees holding

comparable positions but different titles (collectively, "ETLs")[1], employed by Defendant in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia* ): (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The specific putative FLSA Collective is defined in paragraph 46, below.

2. Plaintiffs, pursuant to Fed. R. Civ. P. 23, further bring this class action on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendant's violations of applicable statutory and common laws regarding the payment of overtime wages (collectively, "Labor Laws" or when appropriate "State Law Claims") in the States of Minnesota, New Jersey, California, Illinois, New York, and Pennsylvania (the "State Classes") during the applicable statute of limitations period in each state (the "State Class Members"). Plaintiffs allege that that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages and other relevant relief pursuant to applicable state law.

3. Retail employers must pay overtime to their assistant managers unless their primary duty is management. 29 C.F.R. § 541.100. "[I]f the assistant managers spend

---

[1] The proposed collective and class includes all ETL designations and titles other than the following: ETL Human Resources, ETL Asset Protection, ETL Remodel, and ETL Logistics in a store with an ETL Replenishment.

more than 50 percent of the time performing nonexempt work such as running the cash register … are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. § 541.700(c).

4. Defendant assigns non-management work to its ETLs, including Plaintiffs, which generally takes up more than 50% of their time, closely supervises their work, and pays them only a little more than its non-exempt employees. It schedules them to work 47.5 hours or more each week, but schedules so few hourly staff that in fact they regularly work 50-60 hours or even more per week. Target classifies all of its ETLs as exempt "executives" and does not pay them overtime for hours worked beyond forty (40) in a workweek.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and has supplemental jurisdiction over Plaintiffs' State Law Claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Defendant is subject to personal jurisdiction in the State of Minnesota.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because Defendant resides and conducts business in this District and because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### a. Plaintiffs

9. Plaintiff Emanuel Becerra is an individual residing in Pacoima, CA. During the relevant time period, Plaintiff Becerra worked in excess of 40 hours per workweek in California without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

10. Plaintiff Marijke Myland is an individual residing in Minneapolis, MN. During the relevant time period, Plaintiff Myland worked in excess of 40 hours per workweek in Minnesota without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

11. Plaintiff Krisa Ivy is an individual residing in Mildenhall, Bury Saint Edmunds, UK. During the relevant time period, Plaintiff Ivy worked in excess of 40 hours per workweek in New Jersey without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

12. Plaintiff Tina Mcbride is an individual residing in Rockford, IL. During the relevant time period, Plaintiff Mcbride worked in excess of 40 hours per workweek in Illinois without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

13. Plaintiff Leslie Cusse is an individual residing in Webster, NY. During the relevant time period, Plaintiff Cusse worked in excess of 40 hours per workweek in New York without receiving wages from Defendant for all hours worked, as well as overtime

compensation as required by federal and state laws.

14. Plaintiff David Harris is an individual residing in Cherry Hill, N.J. Plaintiff Harris has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). During the relevant time period, Plaintiff Harris worked in excess of 40 hours per workweek in Pennsylvania without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

**b. <u>Defendant</u>**

15. Defendant Target Corporation is a corporation organized and existing under the laws of the state of Minnesota. Its principal place of business is located at 1000 Nicollet Mall, Minneapolis, MN.

16. Defendant owns and operates retail department stores throughout the United States. According to its most recent 10-Q SEC filing, dated November 27, 2024, Target operates a chain of 1,978 stores with locations in all 50 U.S. states and the District of Columbia.

17. At all times relevant herein, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant employed Plaintiffs and all other ETLs in the states in which they work.

18. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all times relevant herein, Defendant has been an enterprise engaged in

commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Target has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

20. At all times relevant herein, Plaintiffs and all similarly situated ETLs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21. Defendant issued paychecks to Plaintiffs and all similarly situated employees during their employment.

22. Defendant suffered, permitted or directed the work of Plaintiffs and similarly situated employees, and Defendant benefited from work performed by Plaintiffs and similarly situated employees.

23. Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## **STATEMENT OF FACTS**

24. Defendant employs ETLs in all of its stores nationwide.

25. Although there are categories of ETLs that focus on different areas, the basic duties of an ETLs are similar. An ETL's primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking

merchandise, filling on-line orders, stocking shelves, customer service and operating cash registers.

26. Target classifies all ETLs as exempt from overtime and pays them a flat weekly salary and does not pay them overtime compensation for the hours they work over 40 in a week.

27. Target set payroll budgets for each store each week. Target tracks each store's payroll each week and each month to determine if that store was keeping its payroll under the budget it set. Each store is required to use its ETLs to do hourly work in order to meet its payroll budget obligations.

28. All Target stores were headed by a Store Team Lead ("STL")[2]. More recently, Store Team Leads have been titled "Store Directors" or "SDs." For purposes of this Complaint, ETLs report to the Store Team Lead along with other employees in the stores who are paid on an hourly basis, including Senior Team Leads and Team Leads.

29. Target uses cost-saving practices designed to minimize hourly payroll expenses. One practice is to send hourly associates home before the end of their shifts and to refrain from replacing associates when they fail to show up for work. Target then requires the ETLs to finish the hourly tasks of the hourly associates who had been scheduled but were sent home early or not replaced.

30. Defendant requires all ETLs to report directly to a Store Director (sometimes

---

[2] In more recent years, Target has begun referring to Store Team Leads as "Store Directors" or "SDs." For purposes of this Complaint, STLs and SDs refer to the same position – the head of an individual Target location.

called a “Store Team Lead”), who is the real management authority of the store.

31. Defendant usually schedules ETLs to work 47.5 hours per week but ETLs frequently work over 50 hours per week.

32. Defendant set payroll budgets for their stores that are so low that there is not enough hourly staff available to allow the ETLs to spend most of their time managing. For this and other reasons, Defendant usually requires ETLs to work more than the 47.5 hours that they were scheduled to work.

33. Defendant closely monitors the work performed by ETLs to ensure compliance with corporate directives. Store Directors monitor the work ETLs perform each day and measure the performance of ETLs each year in evaluations which reflect how closely the ETLs work performance adheres to Target’s expectations.

34. Defendant uses common performance measurement standards to measure the performance of ETLs.

35. Target uniformly trains its ETLs through common training materials.

36. Defendant classifies all ETLs as exempt from the overtime requirements of the FLSA regardless of store location, sales volume, store size, climate, prior or current experience, number of ETLs or other employees in a store, the shift they worked, or other factors.

37. The job descriptions for each ETL position are similar, regardless of the store location, store size, sales volume, staffing levels, or any other material factor.

38. Defendant posts job openings on the internet which describe the duties of ETLs. Each posting, no matter where the job is located, indicates that they expect ETLs to

CASE 0:25-cv-00535-DWF-ECW Doc. 81 Filed 09/17/25 Page 9 of 24

perform manual labor including "[s]can, handle and move merchandise efficiently and safely, including frequently lifting or moving merchandise up to 15 pounds and occasionally lifting or moving merchandise up to 40 pounds. Accurately handle cash register operations."

39. While Defendant assigns some management duties to ETLs, those duties are routine, and are closely and directly supervised by their superiors. ETLs are not given significant discretion to manage and their management work is not more important than their non-management work.

40. ETLs do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company standards, performing recovery, counting inventory, and organizing the store.

41. The non-exempt duties that ETLs perform are more important to the Defendant' business model than the exempt duties that they are required to perform.

42. Defendant closely and directly supervises ETLs through periodic inspections, audits and annual reviews. Store Directors also inspect ETL work on a daily basis.

43. Defendant pays the ETLs only a little more than the hourly workers in the stores, if those workers worked the same number of hours that the ETLs did, overtime included.

44. Defendant classifies their ETLs as exempt executives in conscious disregard of the facts and the law. Defendant has, at all times, been fully aware that the primary duty of the ETLs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management. Defendant is

also aware that ETLs work more than 50 hours per week without overtime pay.

45. Notwithstanding this knowledge, Defendant classified Plaintiffs and all ETLs as exempt executives in conscious disregard of their right to be paid overtime pay, which was, at a minimum, a knowing or reckless disregard and without good cause to believe that its classification of ETLs exempt was lawful.

46. As a result of Defendant's willful violations of the FLSA and the asserted State laws requiring overtime to be paid, Plaintiffs and all other similarly situated ETLs have suffered damages in that they have not received proper compensation.

## THE NATIONWIDE FLSA COLLECTIVE ACTION

47. Plaintiff Harris restates and incorporates by reference the above paragraphs as if fully set forth herein. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff Harris seek to prosecute his FLSA claims as a Collective Action on his behalf and on behalf of all persons who are or were formerly employed by Target as ETLs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case (the "Collective Action Period").

48. The putative FLSA Collective is defined as follows:

> **All persons employed by Target as an Executive Team Leaders (but not as an ETL Human Resources, ETL Asset Protection, ETL Remodel, or ETL Logistics in a store with an ETL Replenishment) at any time from February 10, 2022, to the present, and who has does not have a consent to join in either *Babbitt, et al., v. Target Corp.*, 20-CV-00490 DWF-ECW (D. Minn.) or *Jibowu, et al. v. Target Corp.*, 24-CV-04189 DWF-ECW (D. Minn.).**

49. Plaintiff Harris and the other ETLs are similarly situated in that they are all subject

to Defendant's common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt and when Defendant knew that ETLs worked overtime hours.

50. Upon information and belief, there are likely thousands of similarly situated current and former ETLs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b). Plaintiff Harris has signed a consent to join forms which is attached as **Exhibit A** hereto.

51. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## <u>CALIFORNIA CLASS ALLEGATIONS</u>

52. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Becerra seeks to prosecute his California claims as a class action under California State wage and hour law, California Labor Code, Cal. Lab. Code §§ 201-204, 226, 510, 1194, 1194.5, IWC Wage Orders #1-2001 through #17-2001, Cal. Bus. & Prof. Code § 17200, *et seq*., and related laws, on behalf of all persons who are or were formerly employed by Defendant as ETLs in California at any time from three years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "California Class Action Period") (collectively, the "California Class").

53. The persons in the California Class are so numerous that their joinder is impracticable.

54. There are questions of law and fact common to the California Class and such questions predominate over questions solely affecting individual members of the California Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of California law).

55. Plaintiff Becerra's claims are typical of the claims of the California Class and he is an adequate representative to fairly prosecute the interests of the California Class, and has retained competent counsel to advance the interests of the California Class.

56. A class action is superior to other methods of adjudicating the California misclassification claims in this case.

**PENNSYLVANIA CLASS ALLEGATIONS**

57. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Harris seeks to prosecute his Pennsylvania claims as a class action under the Pennsylvania Minimum Wage Act (the "PMWA"), 43 P.S. §§ 333.101, *et seq.,* and related laws, on behalf of all persons who are or were formerly employed by Defendant as ETLs at any time from three years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "Pennsylvania Class Action Period") (collectively, the "Pennsylvania Class").

58. The persons in the Pennsylvania Class are so numerous that their joinder is impracticable.

59. There are questions of law and fact common to the Pennsylvania Class and such questions predominate over questions solely affecting individual members of the

Pennsylvania Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of Pennsylvania law).

60. Plaintiff Harris' claims are typical of the claims of the Pennsylvania Class and he is an adequate representatives to fairly prosecute the interests of the Pennsylvania Class, and has retained competent counsel to advance the interests of the Pennsylvania Class.

61. A class action in superior to other methods of adjudicating the Pennsylvania misclassification claims set forth in this case.

**<u>NEW JERSEY CLASS ALLEGATIONS</u>**

62. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Ivy seeks to prosecute her New Jersey claims under the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, *et seq.*, §§ 34:11-56a, *et seq.*, §§ 12:56-6.1, *et seq.* ("NJWHL"), and related laws, as a class action on behalf of all persons who are or were formerly employed by Defendant as ETLs at any time from six years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "New Jersey Class Action Period") (collectively, the "New Jersey Class").

63. The persons in the New Jersey Class are so numerous that their joinder is impracticable.

64. There are questions of law and fact common to the New Jersey Class and such questions predominate over questions solely affecting individual members of the New Jersey Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of New Jersey law).

65. Plaintiff Ivy's claims are typical of the claims of the New Jersey Class and they are adequate representatives to fairly prosecute the interests of the New Jersey Class, and has retained competent counsel to advance the interests of the New Jersey Class.

66. A class action in superior to other methods of adjudicating the New Jersey misclassification claims set forth in this case.

**<u>NEW YORK CLASS ALLEGATIONS</u>**

67. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Mcbride seeks to prosecute her NYLL claims, including but not limited to claims under NYLL Article 19 §§ 650 et seq., New York's wage statement and record keeping requirements (including but not limited to NYLL § 195(3), NYLL § 198(1)(d), NYLL § 661, and 12 N.Y.C.R.R. § 142-2.6 and 2.7), and supporting New York State Department of Labor Regulations, as a class action on behalf of all persons who are or were formerly employed by Defendant as ETLs at any time from six years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "New York Class Action Period") (collectively, the "New York Class").

68. The persons in the New York Class are so numerous that their joinder is impracticable.

69. There are questions of law and fact common to the New York Class and such questions predominate over questions solely affecting individual members of the New York Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of the NYLL).

70. Plaintiff's claims are typical of the claims of the New York Class and she is an adequate representative to fairly prosecute the interests of the New York Class, and has retained competent counsel to advance the interests of the New York Class.

71. A class action in superior to other methods of adjudicating the NYLL misclassification claims set forth in this case.

**ILLINOIS CLASS ALLEGATIONS**

72. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Cusse seeks to prosecute her claims under the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* ("IMWL") as a class action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time from three years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "Illinois Class Action Period") (collectively, the "Illinois Class").

73. The persons in the Illinois Class are so numerous that their joinder is impracticable.

74. There are questions of law and fact common to the Illinois Class and such questions predominate over questions solely affecting individual members of the Class (for example, whether Defendant has misclassified ASMs as exempt from the overtime provisions of the IMWL).

75. Plaintiff's claims are typical of the claims of the Illinois Class and she is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the Class.

76. A class action in superior to other methods of adjudicating the IMWL misclassification claims set forth in this case.

## MINNESOTA CLASS ALLEGATIONS

77. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Myland seeks to prosecute her Minnesota claims under the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21-.35, and related laws, as a class action on behalf of all persons who are or were formerly employed by Defendant as ETLs at any time from three years prior to the filing of the Complaint in this action to the entry of judgment in this case (the "Minnesota Class Action Period") (collectively, the "Minnesota Class").

78. The persons in the Minnesota Class are so numerous that their joinder is impracticable.

79. There are questions of law and fact common to the Minnesota Class and such questions predominate over questions solely affecting individual members of the Minnesota Class (for example, whether Defendant has misclassified ETLs as exempt from the overtime provisions of Minnesota law).

80. Plaintiff Myland's claims are typical of the claims of the Minnesota Class and he is an adequate representative to fairly prosecute the interests of the Minnesota Class, and has retained competent counsel to advance the interests of the Minnesota Class.

81. A class action in superior to other methods of adjudicating the Minnesota misclassification claims set forth in this case.

## CAUSES OF ACTION

**COUNT ONE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* (Brought by Plaintiff Harris on his behalf and that of the putative FLSA collective.)**

82. Plaintiff Harris, on behalf of himself and the members of the FLSA Collective, reallege and incorporate by reference the above paragraphs 1-52, as if they were set forth again herein.

83. The FLSA, 29 U.S.C. § 201, *et seq.*, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

84. Defendant suffered and permitted Plaintiff Harris and the members of the FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

85. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff Harris and the other similarly situated individuals their required overtime compensation.

86. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Harris and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff Harris and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

87. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard

for the fact that its compensation practices were in violation of these laws.

**COUNT TWO: FAILURE TO PAY OVERTIME TO MEMBERS OF THE CALIFORNIA STATE CLASS**
**(Brought by Plaintiff Becerra on his behalf and that of the putative California State Class.)**

88. Plaintiff Becerra, on behalf of himself and the members of the California State Class, realleges and incorporates by reference the above paragraphs 1-46 and 52-56 as if they were set forth again herein.

89. Defendant's failure to pay Plaintiff Becerra and the members of the California State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the California Labor Laws, including without limitation the California State wage and hour law, California Labor Code, Cal. Lab. Code §§ 201-204, 226, 510, 1194, 1194.5, IWC Wage Orders #1-2001 through #17-2001, Cal. Bus. & Prof. Code § 17200, *et seq*.

90. Due to Defendant's violations of the California Labor Laws, Plaintiff Becerra and the members of the California State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees and costs, pursuant to the Labor Laws of California.

**COUNT THREE: FAILURE TO PAY OVERTIME TO MEMBERS OF THE PENNSYLVANIA STATE CLASS**
**(Brought by Plaintiff Harris on their behalf and that of the putative Pennsylvania State Class.)**

91. Plaintiff Harris, on behalf of himself and the members of the Pennsylvania State Class, realleges and incorporates by reference the above paragraphs 1-46, 57-61, as if

they were set forth again herein.

92. Defendant's failure to pay Plaintiff Harris and the members of the Pennsylvania State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the Pennsylvania Labor Laws, including without limitation the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq*.

93. Due to Defendant's violations of the Pennsylvania Labor Laws, Plaintiff Harris and the members of the Pennsylvania State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees and costs, pursuant to the Labor Laws of Pennsylvania.

**COUNT FOUR: FAILURE TO PAY OVERTIME TO MEMBERS OF THE NEW JERSEY STATE CLASS**
**(Brought by Plaintiff Ivy on her behalf and that of the putative New Jersey State Class.)**

94. Plaintiff Ivy, on behalf of herself and the members of the New Jersey State Class, realleges and incorporates by reference the above paragraphs 1-46, 62-66, as if they were set forth again herein.

95. Defendant's failure to pay Plaintiff Ivy and the members of the New Jersey State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the New Jersey Labor Laws, including without limitation the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, *et seq.,* §§ 34:11-56a, et seq., §§ 12:56-6.1, *et seq.* ("NJWHL").

CASE 0:25-cv-00535-DWF-ECW Doc. 81 Filed 09/17/25 Page 20 of 24

96. Due to Defendant's violations of the New Jersey Labor Laws, Plaintiff Ivy and the members of the New Jersey State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees, and costs, pursuant to the Labor Laws of New Jersey.

**COUNT FIVE: FAILURE TO PAY OVERTIME TO MEMBERS OF THE NEW YORK STATE CLASS**
**(Brought by Plaintiff Mcbride on her behalf and that of the putative New York State Class.)**

97. Plaintiff Mcbride, on behalf of herself and the members of the New York State Class, realleges and incorporates by reference the above paragraphs 1-46 and 67-72, as if they were set forth again herein.

98. Defendant's failure to pay Plaintiff Mcbride and the members of the New York State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of NYLL Article 19 §§ 650 et seq., New York's wage statement and record keeping requirements (including but not limited to NYLL § 195(3), NYLL § 198(1)(d), NYLL § 661, and 12 N.Y.C.R.R. § 142-2.6 and 2.7), and supporting New York Department of Labor Regulations.

99. Due to Defendant's violations of the NYLL, Plaintiff Mcbride and the members of the New York State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees and costs, pursuant to the Labor Laws of New York.

**COUNT SIX: FAILURE TO PAY OVERTIME TO MEMBERS OF THE ILLINOIS STATE CLASS**

**(Brought by Plaintiff Cusse on her behalf and that of the putative Illinois State Class.)**

100. Plaintiff Cusse, on behalf of herself and the members of the Illinois State Class, realleges and incorporates by reference the above paragraphs 1-46 and 73-77 as if they were set forth again herein.

101. Defendant's failure to pay Plaintiff Cusse and the members of the Illinois State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the Illinois Minimum Wage Act, 820 ILCS 105/1 et seq. ("IMWL").

102. Due to Defendant's violations of the IMWL, Plaintiff Cusse and the members of the Illinois State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees and costs, pursuant to the Labor Laws of Illinois.

**COUNT SEVEN: FAILURE TO PAY OVERTIME TO MEMBERS OF THE MINNESOTA STATE CLASS**
**(Brought by Plaintiff Myland on his behalf and that of the putative Minnesota State Class.)**

103. Plaintiff Myland, on behalf of himself and the members of the Minnesota State Class, realleges and incorporates by reference the above paragraphs 1-46, 77-81, as if they were set forth again herein.

104. Defendant's failure to pay Plaintiff Myland and the members of the Minnesota State Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the Minnesota Labor Laws, including without limitation the Minnesota Fair

Labor Standards Act, Minn. Stat. §§ 177.21-.35.

105. Due to Defendant's violations of the Minnesota Labor Laws, Plaintiff Myland and the members of the Minnesota State Class are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory damages, and reasonable attorneys' fees and costs, pursuant to the Labor Laws of Minnesota.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Collective and State Class Members are entitled to and pray for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff Harris and those similarly situated in the FLSA collective, as defined above, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Certification of this action as a class action on behalf of California Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

C. Certification of this action as a class action on behalf of Pennsylvania Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

D. Certification of this action as a class action on behalf of New Jersey Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

E. Certification of this action as a class action on behalf of New York Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

CASE 0:25-cv-05335-DWF-ECW Doc. 81 Filed 09/17/25 Page 23 of 24

F. Certification of this action as a class action on behalf of Illinois Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

G. Certification of this action as a class action on behalf of Minnesota Class Members and prompt issuance of a notice to all similarly situated persons apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

H. A finding that Plaintiff Harris and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

I. A finding that Defendant violated the overtime provisions of the FLSA;

J. Judgment against Defendant in the amount of Plaintiff Harris' and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

K. Judgment against Defendant in the amount of each of State Classes alleged herein's unpaid back wages at the applicable overtime rates and all other damages and penalties and relief permitted each such State Class under their respective state laws;

L. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest as provide by the claims asserted herein;

M. An award of attorneys' fees and costs incurred in prosecuting this action;

N. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

O. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

Respectfully submitted,

Dated: July 7, 2025

*s/ Seth R. Lesser*
Seth R. Lesser*
Christopher M. Timmel*
**KLAFTER LESSER LLP**

Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Rachhana T. Srey, MN Bar # 0340133
**NICHOLS KASTER, PLLP**
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
Richard E. Hayber*
**Hayber, McKenna & Dinsmore, LLC**
750 Main Street, Suite 904
Hartford, CT 06103
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca Predovan
**HEPWORTH, GERSHBAUM**
**& ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199

*Pro hac or pro hac motions to be filed

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court via the electronic filing system to all counsel of record.

*s/ Seth R. Lesser*
Seth R. Lesser