UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Emanuel Becerra, Marijke Myland, Krista Ivy, David Harris, Tina McBride, and Leslie Cusse, *individually and on behalf of all other persons similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Target Corporation,<br><br>Defendant. | Civil No. 25-535 (DWF/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**INTRODUCTION**

This matter is before the Court on Defendant Target Corporation's ("Target") motion to dismiss or stay the Fair Labor Standards Act ("FLSA") collective claim and to dismiss Plaintiff Nicholas Raddatz. (Doc. No. 52.) On September 17, 2025, the Court entered an order on the stipulation of the parties to permit plaintiffs to file a second amended complaint ("SAC") and for amendment of the caption to reflect party plaintiffs. (Doc. No. 77.) Per that stipulation and order, Plaintiffs Joseph Messeck and Raddatz were terminated as parties and plaintiffs Tina McBride and Leslie Cusse were added. While the SAC moots the issue of whether to dismiss Raddatz, it does not affect the Court's consideration of the motion to dismiss the FLSA collective action claim. The present ruling will apply to the allegations in the SAC. For the reasons discussed below, the Court grants Target's motion and dismisses Plaintiffs' collective action claim.

## BACKGROUND

Plaintiffs Emanuel Becerra, Marijke Myland, Krista Ivy, David Harris, Tina McBride, and Leslie Cusse bring this collective and class action against Target, alleging violations of the FLSA and the wage and hour related laws of various states, asserting that Target failed to properly compensate them for overtime work. (Doc. No. 78 ("SAC") ¶¶ 1-2.)

Target owns and operates over 1,900 stores with locations in all 50 states. (*Id.* ¶ 16.) Plaintiffs are current and former Executive Team Leaders ("ETLs") who were or are employed at Target. (*Id.* ¶ 1.) In Count One, Plaintiffs allege that Target improperly classified them as "exempt" under the FLSA as employees who are not entitled to overtime compensation. (*Id.* ¶¶ 49, 82-87.) Plaintiffs' remaining six causes of action allege failure to pay overtime under the state laws of California (Count Two), Pennsylvania (Count Three), New Jersey (Count Four), New York (Count Five), Illinois (Count Six), and Minnesota (Count Seven). (*Id.* ¶¶ 88-105.)

On February 11, 2020, a plaintiff represented by the same counsel representing Plaintiffs in this matter filed *Babbitt v. Target Corp.*, Civ. No 20-490 ("*Babbitt*"). (*Babbitt*, Doc. No. 1.) *Babbitt* is now pending in this Court before the undersigned judge. In *Babbitt*, plaintiffs were also ETLs alleging that Target misclassified them as "exempt" employees under the FLSA and failed to properly pay them overtime. (*Id*. ¶¶ 4, 39.) In March 2022, the Court conditionally granted the nationwide *Babbitt* class, consisting of:

> All current and former Executive Team Leaders (ETLs) however variously titled, excluding the ETL Human Resources position, the ETL Asset Protection position, the ETL Remodel position, and the Logistics ETL

position in stores that have Replenishment ETLs, who worked for Defendant
in the United States at any time on or after July 20, [2018].

(*Babbitt*, Doc. No. 155 at 1, 8-9; *see also Babbitt*, Doc. No. 158 at 9.) Notice was sent to over 15,000 potential class members. (Doc. No. 56 ¶ 2.) As of December 9, 2023, the end of the opt-in period, over 3,500 individuals had joined the *Babbitt* action, including Plaintiffs Myland, Becerra, Messeck, and Raddatz in this action. (*Babbitt*, Doc. Nos. 198-1 at 89; 206-1 at 14; 207-1 at 16; 260-1 at 6.) Since early 2024, the parties have engaged in substantial post-conditional-certification discovery and discovery motion practice. (Doc. No. 56 ¶ 4.)

On August 19, 2024, the *Babbitt* plaintiffs moved to amend their complaint to add state-law claims, stating that if the motion were denied, a new action *without* FLSA allegations or the presently named plaintiffs would be filed. (*Babbitt*, Doc. No. 375 at 6.) The Court denied the motion to amend. (*Babbitt*, Doc. No. 403.) The Court explained that the *Babbitt* plaintiffs would benefit from a resolution of the FLSA class claims in a manner as expeditious as possible, but that they would not be precluded from filing a separate action to assert their state class allegations. (*Id.* at 17-18.)

On February 10, 2025, Messeck withdrew from the *Babbitt* action. (*Babbitt*, Doc. No. 409.) On that same day, Messeck and other former *Babbitt* opt-ins (Myland, Becerra, and Raddatz) filed the present action. (*See* Doc. No. 1.)

In this action, Plaintiffs seek to represent a collective of:

All persons employed by Target as an Executive Team Leader[] (but not as an ETL Human Resources, ETL Asset Protection, ETL Remodel, or ETL Logistics in a store with an ETL Replenishment) at any time from February 10, 2022, to the present, and who does not have a consent to join in

3

either *Babbitt, et al., v. Target Corp.*, 20-CV-00490 DWF-ECW (D. Minn.) or *Jibowu, et al. v. Target Corp.*, 24-CV-04189 DWF-ECW (D. Minn.).[1]

(SAC ¶ 48.)  Plaintiffs also seek monetary relief for the FLSA collective in the form of unpaid back wages at applicable overtime rates and liquidated damages.  (*Id.* ¶ 1.)

In this case, Target notified Plaintiffs' counsel that it intended to move to dismiss the overlapping FLSA claim in this and the *Babbitt* complaints, after which Plaintiffs filed an amended complaint.  (*See* Doc. No. 54 at 8.)  In the amended complaint, plaintiffs added a new named plaintiff, David Harris, to join Messeck as a FLSA collective representative and as a Pennsylvania class representative, and Krista Ivy, to join Messeck as a New Jersey representative.  (SAC ¶¶ 47, 57, 62.)  Soon after, Messeck accepted an offer of judgment.  (Doc. No. 45.)

On September 17, 2025, the Court entered an order on the stipulation of the parties to permit Plaintiffs to file the SAC and for amendment of the caption to reflect party plaintiffs.  (Doc. No. 77.)  Again, per that stipulation and order, plaintiffs Messeck and Raddatz were terminated as parties in this action, and plaintiffs Tina McBride and Leslie Cusse were added.  While the SAC moots the issue of whether to dismiss Plaintiff

---

[1]     *Jibowu* is another conditionally certified collective filed before *Babbitt*.  The collective in *Jibowu* extends only to specific Target store locations within California, Illinois, New York, Ohio, Oklahoma, Pennsylvania, and Texas, at which the named plaintiff and current opt-in plaintiffs worked at any time from June 28, 2014, to the present.  So while the allegations in *Jibowu* are the same as alleged in the present action, the scope of the conditionally certified collective in *Jibowu* is considerably narrower.  Target maintains that the same concerns concerning the overlap between this case and *Babbitt* apply to the overlap between this case and *Jibowu*, but its motion focuses on the former.

Raddatz, it does not affect the Court's consideration of the motion to dismiss the FLSA collective action allegations contained in the SAC.

## DISCUSSION

Target moves to dismiss or, in the alternative, stay the FLSA collective claim. Target argues that this action is duplicative of the claim in the first-filed *Babbitt* action, and further that equitable considerations warrant dismissal because counsel for Plaintiffs breached a promise in *Babbitt* that any newly filed complaint would not include FLSA allegations.

The "first-filed" rule establishes that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citation modified). The purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n. 2 (8th Cir. 1999). "The first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." *Nw. Airlines*, 989 F.2d at 1005 (citation modified). The rule does not require precise overlap. *Wright v. Walden Univ., LLC*, Nos. 16-cv-4037, 16-cv-4402, 2017 WL 1435717, at *3 (D. Minn. Apr. 21, 2017) (explaining that the first-filed rule only requires substantially the same parties and issues, and noting that the existence of state law claims not present in the first case is insufficient to avoid application of the first-filed rule). In the absence of compelling circumstances, the first-filed rule should apply. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). When a court determines that the first-filed rule applies, it is

within the court's discretion to dismiss, stay, or transfer the case. *See, e.g.*, *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (finding that the district court did not abuse its discretion staying the second-filed action).

There is no dispute that the *Babbitt* lawsuit was filed and served before the present lawsuit. Target is the named defendant in both lawsuits, and while the named plaintiffs in the two actions are different, the putative classes overlap substantially. Plaintiffs in this case seek to represent a nationwide collective of Target employees who hold or held the same ETL positions as those included in the conditionally certified class in *Babbitt* for a time period that also overlaps. The two proposed classes also seek a remedy for the same alleged FLSA violations in the form of unpaid back wages at applicable overtime rates and liquidated damages. Thus, members of *Babbitt* and the proposed collective in this case have the same interests. Plaintiffs contend that by excluding individuals who already "have a consent to join" *Babbitt* or *Jibowu*, they have sufficiently differentiated the classes. The Court disagrees. Despite the exclusion of *Babbitt* opt-ins, Target has demonstrated that over 10,000 individuals would fall within the scope of the collective and, of those, over 7,000 would have already received notice in *Babbitt*. (*See* Doc. No. 56 ¶ 3.) If the FLSA collective were to be conditionally certified here, notice would be sent to thousands of ETLs, many of whom have also received notice in *Babbitt*. (*Id.*) This overlap in notice could surely cause confusion. *See Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013) (granting a motion to dismiss collective action claims where the claims were substantially similar to class claims in an earlier lawsuit, in part because sending a second notice would be unfair to defendants);

*Walker v. Progressive Cas. Ins. Co.*, No. 03-cv-656R, 2003 WL 21056704, at *2 (W.D. Wa. May 9, 2003) (explaining that the first-to-file rule applies where there is substantial overlap between the parties, even if some plaintiffs decided to opt out of the first action).[2]

Despite the substantial overlap, Plaintiffs also argue that the first-filed rule does not apply because the two cases are pending before the same court. In support, Plaintiffs cite to cases where the court has declined to apply the first-filed rule when a second action is in the same district and before the same judge. *See, e.g.*, *Woodards v. Chipotle Mexican Grill, Inc.*, No. 14-cv-4181, 2015 WL 3447438, at *4, *10 (D. Minn. May 28, 20215) (adopting a report and recommendation finding that the first-to-file rule was inapplicable in a case where both actions were before the same court). These cases recognize the broad proposition that because the purpose of the first-filed rule is to conserve judicial resources and avoid conflicting rulings, when both matters are before the same judge, those reasons may be less persuasive.[3] But the cases cited do not hold

---

[2]   Plaintiffs also argue that any collective in this action would potentially include individuals who did not receive notice in *Babbitt* and would now receive notice for the first time in this action. The existence of additional plaintiffs does not mitigate the sufficient overlap in the Court's consideration of applying the first-filed doctrine. In fact, plaintiffs could have avoided much of the substantial overlap by defining the collective to include only those individuals who did not receive notice of *Babbitt*. And, as noted below, any plaintiffs who did not receive notice in *Babbitt* can still pursue their FLSA claims on an individual basis.

[3]   Plaintiffs also rely on *Brinker v. Kraft Heinz Food Co.* No. 24-cv-704, 2024 WL 3638243, at *2 (E.D. Mo. Aug. 1, 2024). However, the Court in *Brinker* considered parallel actions before different courts and any statement on limiting the application of the first-filed rule to cases in separate courts is dictum. Thus, this case does not require that parallel litigation be before different courts in order to apply the first-filed rule.

that the application of the first-filed rule is limited to overlapping actions pending in different courts.  And, for its part, Target has cited to cases within this Circuit and other circuits that have applied the first-filed rule to cases pending before the same court, including in the context of overlapping FLSA collective actions filed within the same district.  *See, e.g.*, *Mosley v. Hydrostatic Oil Tools, Inc.*, No. 20-cv-1040, 2021 WL 3134917, at *2 (W.D. Ark. July 23, 2021) (declining to certify a nearly identical collective action pending in the same court, and finding that allowing a duplicative collective action to proceed would risk confusion of current collective members and prospective collective members and would undermine the primary goal of collective actions—avoiding multiplicity of similar suits); *Lewis v. Tiger Eye Pizza, LLC*, No. 20-cv-4017, 2020 WL 6298075, at *2 (W.D. Ark. Oct. 27, 2020) (same); *see also Burns v. County of Nassau*, 337 F. Supp. 3d 210, 213-14 (E.D.N.Y. 2018) (applying first-filed rule to overlapping FLSA actions before the same court).

    Here, the Court is guided by the basic rationales for the first-filed doctrine, namely the conservation of judicial and party resources, the promotion of the efficient resolution of overlapping cases, including those in the context of an FLSA collective action, and the avoidance of confusion among putative collective members.  After careful consideration, and noting the substantial overlap between the parties and the issues being litigated, as well as the resulting potential for confusion, the Court concludes that the first-filed rule, which is not intended to be rigid or mechanical, favors remedial action in this case, unless compelling circumstances counsel against such action.  Plaintiffs have not demonstrated

the existence of any such compelling circumstance. Thus, the FLSA collective claim in this case is properly dismissed.

The Court notes that Plaintiffs have asserted four state-law claims that are not at issue in *Babbitt*. The Court does not find that the existence of these claims warrant the maintenance a duplicative FLSA collective claim. Instead, the Court notes that the state-law claims may proceed despite the fact that the FLSA collective claim is dismissed. In addition, Plaintiffs, or other ETLs who never received notice in *Babbitt* or *Jibowu*, are not precluded from pursuing their FLSA claims on an individual basis.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Target Corporation's motion to dismiss or stay the FLSA collective claim (Doc. No. [52]) is **GRANTED**.

2. Plaintiffs' FLSA collective claim (Count One of the SAC (Doc. No. [78])) is **DISMISSED WITH PREJUDICE**.

Dated: October 29, 2025           s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge