# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

EMANUEL BECERRA, MARIJKE
MYLAND, KRISTA IVY, TINA
MCBRIDE, LESLIE CUSSE, and
DAVID HARRIS, Individually and on
Behalf of All Other Persons Similarly
Situated,

Case No. 25-cv-00535 (DWF/ECW)

Plaintiffs,

v.

**PRETRIAL SCHEDULING
ORDER**

TARGET CORPORATION,

Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of

this Court, and in order to secure the just, speedy, and inexpensive determination of this

action, the following schedule will govern these proceedings unless modified pursuant to

Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the

parties and the parties are required to diligently work to meet the deadlines.  This

includes, but is not limited to, promptly bringing disputes to the Court through its

procedures for resolving non-dispositive motions where the parties have not been able to

resolve those disputes through a diligent, good faith meet and confer process.  In other

words, simply because this schedule establishes a deadline for filing a particular non-

dispositive motion does not mean that a motion brought by that deadline will

automatically be considered to have been timely filed if the relief sought by the motion is

likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties intend to submit an ESI Protocol.  (Dkt. 115 at 8.)  They must file a proposed ESI protocol on or before **July 13, 2026**.

## CLASS CERTIFICATION MOTION

1.      Plaintiffs shall file a motion for class certification on or before **September 13, 2027**.

2.      Target shall file its opposition to plaintiffs' motion for class certification on or before **October 25, 2027**.

3.      Plaintiffs' reply in support of the motion shall be filed on or before **November 15, 2027**.

4.      Counsel shall schedule the hearing by calling the Courtroom Deputy for District Judge Donovan W. Frank, at 651-848-1296.  When a motion, response, or reply brief is filed on CM/ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to

---

[1]      Parties who agree to seek a modification of this Scheduling Order must file a joint motion (rather than a stipulation) and proposed order, and email a Word version of the proposed order to the Court.  The joint motion must meet the requirements of Local Rule 16.3(b)-(c) but need not meet the requirements of Local Rule 7.1(a) or 7.1(b)(B)-(E). The parties need not obtain a hearing date for the joint motion.

Judge Frank's Courtroom Deputy, at the same time as the documents are posted on CM/ECF.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1.  The parties exchanged initial disclosures under Fed. R. Civ. P. 26(a)(1) on **March 5, 2026**.

2.  The parties must commence fact discovery procedures in time to be completed on or before **four months after any decision on Plaintiffs' anticipated motion for class certification. Discovery will be stayed after class certification closes until an order issues on the motion**.

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:[2]

1.  Any Plaintiff pursuing an individual FLSA claim may serve no more than 10 interrogatories, 10 document requests and 10 requests for admission on Defendant with respect to their individual FLSA claim.

2.  Plaintiffs collectively may serve no more than 30 interrogatories on Defendant with respect to each putative state law class, counted in accordance with Rule 33(a). Defendant may serve no more than 30 interrogatories on each named Plaintiff, counted in accordance with Rule 33(a).

3.  Plaintiffs collectively may serve no more than 30 document requests on Defendant with respect to each putative state law class. Defendant may serve no more than a total of 30 document requests on each named Plaintiff.

4.  Plaintiffs collectively may serve no more than 30 requests for admissions on Defendant with respect to each putative state law class. Defendant may serve no more than a total of 30 requests for admission on each named Plaintiff.

5.  Depositions

    a)   Defendant may take a deposition of each named Plaintiff,

---

[2]   The parties agree that for purposes of fact discovery each Defendant and each named Plaintiff, and named Plaintiffs that are also putative class representatives, shall be considered a unique party; absent class members are not parties for the purpose of this Rule 26(f) report.

including any named Plaintiff who joins the action prior to a resolution of the motion for summary judgment.

b)   Plaintiffs may take the deposition of one up-the-chain supervisor (meaning the Store Director, District Senior Director or Group Vice President) for each named Plaintiff.

c)   Plaintiffs collectively may take an additional 75 Rule 30(b)(1) depositions, which includes depositions of any absent class members. Defendant may take an additional 75 Rule 30(b)(1) depositions, which includes depositions of any absent class members.

6.   Plaintiffs may serve a Rule 30(b)(6) deposition notice; after such a notice is served and the topics identified, the parties agree to meet and confer as to whether additional time or other limitations are warranted. If they are unable to reach agreement, the Court will then resolve any disputes over time or other limitations.

7.   Discovery Relevant to Declarations of ETLs or Former ETLs.

a)   Based on the Rule 26(f) Report (Dkt. 115 at 6-7) and representations at the June 12, 2026 status conference, Defendant has provided Plaintiffs with the names of 1,441 persons who have executed declarations relating to the issues in this action and in *Babbitt v. Target Corp.* (Case No. 20-cv-00490 (DWF/ECW)).[3]

Any party who plans to use the declaration of a current or former ETL (besides a named Plaintiff) in either in support of a motion to certify a class or for summary judgment, or opposition to either such motion, must disclose the following **at least 60 days before such motion and supporting papers are due** (regardless of whether the declaration will be used in support of or opposition to such motion):

i.   the name and, if known, the address and telephone number of the declarant; however, if the declarant is represented by counsel or otherwise falls within the scope of scope of Minnesota Rule of Professional Conduct 4.2, then the disclosure the declarant's

---

[3]   It is not clear from the record whether Defendant has provided Rule 26(a)(1)(A)(i) information as to those 1,441 persons.

> address and phone number is not required, and the declarant may be contacted through counsel; and

ii.    a copy of the declaration.

iii.   If Defendant is the disclosing party, Defendant shall also disclose the declarant's employment dates, positions held, locations worked, ETL self-audit responses (if any), and the name of the Store Directors who supervised the declarant when the declarant was in an ETL role at issue in this litigation, to the extent such information can be located in a reasonable search.

b)    Depositions of these declarants shall be no more than 2 hours each.  If the declarant is represented by the disclosing party's counsel, the deposition may be arranged through counsel.  If the declarant is not represented by disclosing party's counsel, the deposition must be arranged through the subpoena process.  The depositions of these declarants are in addition to the depositions provided for by Paragraph 5, above.

8.    Unless otherwise addressed above, the parties agree to limit all depositions to no more than 6 hours.  This limitation does not apply to the 30(b)(6) depositions.

9.    Based on the June 12, 2026 status conference, Plaintiffs seek production of the 1,441 declarations obtained by Defendant and Defendant objects to the production on work product grounds.  To the extent any party seeks production of a declaration that has not used in connection with a motion or otherwise falls within the scope of Paragraph 7.a, that party must bring a motion to compel in a manner consistent with the Local Rules and this Order.

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1.    Plaintiffs anticipate calling up to 1 expert, although they reserve their right to disclose additional expert witnesses including rebuttal expert witnesses. Defendant anticipates calling up to 3 experts.  Each party may take one

5

deposition per expert.

2.  If either party elects to use expert testimony in connection with class certification, disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)  Identities and disclosures of affirmative experts on or before **June 11, 2027**.

    b)  Rebuttal identities and disclosures on or before **July 16, 2026**.

    c)  Expert discovery as to class certification, including depositions, shall be completed by **August 6, 2027**.

2.  If either party elects to use expert testimony in connection with post-class certification issues, disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)  Identities and disclosures of affirmative experts on or before **90 days before the close of fact discovery**.

    b)  Rebuttal identities and disclosures on or before **45 days before the close of fact discovery**.

    c)  Expert discovery as to post-class certification issues, including depositions, shall be completed **by the close of fact discovery**.

## PRIVILEGE LOG

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

## NON-DISPOSITIVE MOTION DEADLINES

1. Except as otherwise specifically set forth in this section, all motions that seek to amend the pleadings or to add parties and supporting documents must be filed and served on or before **July 16, 2026**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. Plaintiffs stated at the June 12, 2026 status conference that they do not intend to seek punitive damages in this action.

3. Except as otherwise specifically set forth in this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served **no later than 14 days after the close of fact discovery**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **no later than 14 days after the close of expert discovery**.

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal pre-discovery dispute conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Cowan_Wright_Chambers@mnd.uscourts.gov stating:

   a) the discovery dispute;

   b) whether all parties agree to informal dispute resolution; and

   c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and

inexpensive way.  No attachments are permitted.  The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.  It does not mean that the parties all concede to informal dispute resolution.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by emailing Magistrate Judge Wright's Courtroom Deputy at Cowan_Wright_Chambers@mnd.uscourts.gov prior to filing.  Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court.  The matter will be deemed submitted upon receipt of the last filing.  The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time

8

and location of the hearing.  The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set.  A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions.  Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way.  The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits.  Your arguments should be precise.  To the extent a burden is asserted, support for this position must be included.  One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference. The parties will then be allowed to each email to Cowan_Wright_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

10

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

## DISPOSITIVE MOTIONS

All dispositive motions shall be filed, served, and scheduled **no later than 2 months after the close of all discovery**.  All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.  Counsel shall schedule the hearing by calling the Courtroom Deputy for District Judge Donovan W. Frank, at 651-848-1296. When a motion, response, or reply brief is filed on CM/ECF, **two** paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Judge Frank's Courtroom Deputy, at the same time as the documents are posted on CM/ECF.

## PROTECTIVE ORDER

The parties intend to seek a protective order.  The parties shall jointly file a proposed Protective Order, prominently identifying (yellow highlighting is suggested) any terms on which the parties disagree, on or before **July 13, 2026**.  The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (*https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-Form.pdf* or *https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx*).  No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential

11

documents to the parties after the conclusion of the case. If the parties use the Court's suggested protective order form, the parties should consider whether they want to permit the retention of documents in addition to those submitted to the Court (for example, correspondence that quotes or describes a confidential document) and draft their proposed protective order to reflect that decision. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box at Cowan_Wright_Chambers@mnd.uscourts.gov.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any

12

privilege or protection applicable to those documents in this or any other federal or state proceeding.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A)    Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

(i)    briefly describe the document;

(ii)    explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

(iii)    identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)    Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant

13

to a protective order during the course of discovery as the sole basis for filing the material

under seal is not a sufficient explanation to justify continued sealing.

*See **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf***.

## SETTLEMENT

The Court may sua sponte schedule status conferences or settlement conferences

to explore options for alternative dispute resolution.  In addition, the Court will in its

discretion consider joint or *ex parte* requests that the Court schedule a settlement

conference or otherwise assist in settlement negotiations, provided that the content of any

*ex parte* request shall be strictly limited to the topic of settlement and shall not comment

on any matter that may come before the Court for a ruling.  Such requests shall be

submitted by email to Cowan_Wright_Chambers@mnd.uscourts.gov.  The Court will

treat *ex parte* requests as confidential unless otherwise advised.

## TRIAL

This case shall be ready for trial **no later than 5 months after the dispositive**

**motion deadline**, at which time the case will be placed on the Court's **jury** trial calendar.

The anticipated length of trial is **15** days.


Date:   June 12, 2026


                              */s/ Elizabeth Cowan Wright*
                              ELIZABETH COWAN WRIGHT
                              United States Magistrate Judge


14